# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOSEPH MONACO,<br><br>Petitioner,<br><br>v.<br><br>STU SHERMAN, Warden,<br><br>Respondent. | Case No. ED CV 15-2208 CAS (AFM)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |

Petitioner, a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 28, 2015. It appears that petitioner is challenging an October 2014 conviction and sentence he sustained in the San Bernardino County Superior Court pursuant to a guilty plea. The Court's review of the Petition reveals the following deficiencies.

First, Local Civil Rule 83-16.1 provides, "A petition for writ of habeas corpus or a motion filed pursuant to 28 U.S.C. § 2255 shall be submitted on the forms approved and supplied by the Court." Petitioner did not use the correct form required in the Central District of California for state prisoners. Instead, he used the form for federal prisoners.

Second, as a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *See Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Petitioner has not specified whether he has exhausted his available state judicial remedies for each of his three claims.

Third, it appears that petitioner is trying to challenge the constitutional validity of a conviction he sustained pursuant to a guilty plea. In *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973), the Supreme Court held that, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Generally, a habeas petitioner who has pled guilty can challenge only the voluntary and intelligent nature of the plea by showing that the advice he received from counsel was constitutionally ineffective. *See Tollett*, 411 U.S. at 266-67; *United States v. Broce*, 488 U.S. 563, 569 (1988); *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Hudson v. Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985). It appears that some of petitioner's allegations are barred under the foregoing authorities.

Fourth, it appears that petitioner is also trying to challenge the constitutional validity of a prior conviction he sustained in 1989. In *Lackawanna County District Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court held that federal habeas relief is unavailable when a petitioner challenges a current sentence that was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence has "fully expired." *Id.* at 396-97, 401-02; *see also Custis v. United States*, 511 U.S. 485, 492-93, 496, 114 S. Ct. 1732, 128 L. Ed 2d 517 (1994) (with the sole exception of convictions obtained in violation of the right to counsel, a defendant has no constitutional right to collaterally attack the validity of previous

state convictions that are used to enhance his federal sentence). Petitioner's 1989 conviction may no longer be open to direct or collateral attack on its own right.

Accordingly, if petitioner still desires to pursue this action, he is **ORDERED** to file an amended petition on the standard form within thirty (30) days of the date of this Order. The clerk is directed to send petitioner a blank Central District § 2254 habeas petition form for this purpose.

The amended petition should reflect the same case number, be clearly labeled "First Amended Petition," and be filled out completely. Petitioner is advised that he should clearly identify his claims and specify whether he has exhausted his state court remedies for each claim.

**Petitioner is cautioned that his failure to timely file a First Amended Petition in compliance with this Order will result in a recommendation that the action be dismissed with prejudice for failure to diligently prosecute.**

If petitioner no longer wishes to pursue this action, he may use the attached form Notice of Dismissal and voluntary dismiss this action without prejudice.

DATED: October 29, 2015

*/s/ Alex MacK*

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: CV-69, CV-09

3